UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JACK VENTON VENABLE, JR. and WILLIAM AGUIRRE, individually and on behalf of all others similarly situated | CIVIL ACTION NO. 6:16-cv-00241 |
| VERSUS | JUDGE DRELL |
| SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.) f/k/a SMITH INTERNATIONAL, INC. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the defendant's motion for partial summary judgment with regard to the claims of plaintiff William Aguirre. (Rec. Doc. 17). The motion was referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 26). The motion is only partially opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be granted in part and denied in part and that Mr. Aguirre's claims be severed from those of the other named plaintiff and the members of the putative class so that they may proceed in a separate, individual action.

## BACKGROUND

Jack Venton Venable, Jr. and William Aguirre, the plaintiffs in this lawsuit, were formerly employed by Smith International, Inc.[1] Smith is an oilfield service company, and the plaintiffs alleged that they worked as "Reamer Hands" for Smith. They allege that they were paid a salary and a job bonus. They further allege that they and other Smith employees in the same and similar positions were never paid overtime for work performed in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA.")

Mr. Aguirre worked out of Smith's Houma, Louisiana location from May 14, 2012 through December 4, 2015.[2] When his position was eliminated as part of a reduction in force due to business needs, Mr. Aguirre was offered the opportunity to participate in the Schlumberger Technology Corporation Severance Plan.[3] In exchange for participation in that plan, he was required to execute – and did execute

---

[1] The plaintiffs sued Schlumberger Limited (Schlumberger N.V.) fka Smith International, Inc. Smith International, Inc. answered the complaint, alleging that it was incorrectly identified in the complaint. Therefore, in this report and recommendation, the plaintiff's former employer, which is the defendant in this lawsuit, will be referred to as "Smith."

[2] Rec. Doc. 17-3 at 2.

[3] Rec. Doc. 17-2 at 2.

– a document in which he waived his right to participate in a class or collective action against his former employer.[4]

The waiver document signed by Mr. Aguirre states that, in connection with the ending of his employment, he was paid a certain sum "[p]ursuant to and subject to the terms and conditions of the Schlumberger Technology Corporation Severance Plan ('the Plan.')" (Rec. Doc. 17-2 at 5). The document also states that "[t]his Waiver and Release and the Plan sets [sic] forth the entire agreement between the parties hereto." (Rec. Doc. 17-3 at 9). The document further states that Mr. Aguirre

> knowingly and voluntarily releases and forever discharges [Smith]. . . of and from any and all claims, known and unknown, which [Mr. Aguirre] has or may have against [Smith] as of the date of execution of this Waiver and Release, including, but not limited to, any alleged violation of [a list of federal and state statutes not including the FLSA]. . . [and] any other federal, state or local civil or human rights law or other local, state or federal law, regulation or ordinance. . . . (Rec. Doc. 17-3 at 6).

The next paragraph then reads as follows:

> This Agreement is not intended to release any claims, such as FLSA claims, that the employee is not free to release on his own accord. [Mr. Aguirre] waives participation, to the extent permitted by law, in any class or collective action, as either a class or collective action representative or participant as to those claims not released, by signing this Agreement prior to the conditional certification of a class or collective action. . . . (Rec. Doc. 17-3 at 7).

---

[4] Rec. Doc. 17-3 at 2. A copy of the signed agreement is found in the record at Rec. Doc. 17-3 at 5-10.

In its motion, Smith does not contend that Mr. Aguirre waived his right to assert a claim under the FLSA; instead, Smith contends that Mr. Aguirre waived his right to be a class or collective action representative or to otherwise participate in any class or collective action against Smith that was not certified before he signed the agreement. (Rec. Doc. 17-1 at 4). This lawsuit has not yet been certified as a class or collective action; consequently, it had not been certified at the time that Mr. Aguirre signed the waiver document in 2015. Nevertheless, based on the cited contractual language, Smith seeks the dismissal of Mr. Aguirre's individual claim as well as the dismissal of the claims he asserted in a representative capacity.

Mr. Aguirre does not contest the enforceability of the waiver agreement, but he argues that this Court should permit his individual capacity claim against Smith to proceed in a separate, individual lawsuit rather than in a class or collective action rather than dismissing his claims in their entirety.

## LAW AND ANALYSIS

### I. THE STANDARD FOR RESOLVING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[5] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[6]

The party seeking summary judgment must initially inform the court of the basis for its motion and identify those parts of the record that demonstrate the absence of genuine issues of material fact.[7] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[8] All facts and inferences are construed in the light most favorable to the nonmoving party.[9]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[6] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[7] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[8] *Washburn v. Harvey*, 504 F.3d at 508.

[9] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[10] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[11]

## II. THE WAIVER PROVISION IS ENFORCEABLE

The general rule is that a worker cannot waive his right to bring an FLSA claim seeking to recover overtime pay.[12] However, the Fifth Circuit has held that the right "to proceed collectively" is not a substantive right; therefore, it can be waived.[13] This Court interprets this to mean that neither the right to act as a class representative in a collective action nor the right to participate in a collective action is a substantive right. No other impediments to the enforceability of the waiver agreement have been identified or established. Accordingly, this Court finds that the portion of the agreement stating that Mr. Aguirre "waives participation. . . in any class or collective action, as either a class or collective action representative or participant as to those

---

[10] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[11] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[12] *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("an individual employee's right to a minimum wage and to overtime pay. . . cannot be abridged by contract or otherwise waived"); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015); *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984).

[13] *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) ("we reject the Carter Appellants' claim that their inability to proceed collectively deprives them of substantive rights available under the FLSA.")

claims not released, by signing this Agreement prior to the conditional certification of a class or collective action" is valid and enforceable.

### III. TIMELINESS OF THE WAIVER ISSUE

This Court was unable to locate a Fifth Circuit decision addressing whether it is appropriate to resolve the issue of whether an employee waived the right to assert his FLSA claims in a collective action at the first or second step of the framework for the resolution of FLSA proceedings.[14] Some courts in the circuit have concluded that issues such as whether an FLSA claim should be arbitrated rather than resolved judicially and whether an FLSA claimant waived his FLSA rights are merits-based inquiries that should be reserved for the second or decertification stage, which occurs after discovery has been completed.[15] In *Reyna v. International Bank of Commerce*,

---

[14] Courts recognize two methods for making the "similarly situated" determination and deciding whether notice should be given, i.e., the two-step *Lusardi* approach and the class-action based *Shushan* approach. See *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D.Colo. 1990). The Fifth Circuit has found it unnecessary to determine which method is most appropriate. *Roussell v. Brinker Intern., Inc.*, 441 Fed. App'x 222, 226 (5th Cir. 2011) (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). However, the prevailing method seems to be the "two-step" approach. See, e.g., *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435 (E.D. La. 2010); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

[15] See, e.g., *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256348, *1 (W.D. La. Dec. 15, 2010); *Kuperman v. ICF Internat'l*, No. 08-565, 2008 WL 4809167, at *8 (E.D. La. Nov. 3, 2008); *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009). See, also, e.g., *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D. N.Y. 2002).

however, the Fifth Circuit held that whether an arbitration agreement applies to an FLSA claim is a threshold issue that should be decided before conditional certification of a plaintiff class.[16]

Given the current posture of the litigation, this Court finds, based on the *Reyna* decision, that whether the purported representative of a class of collective action plaintiffs waived his right to participate in a collective action or to act as a collective class representative is a threshold issue that should be resolved early in the litigation. Furthermore, this Court finds that there is no genuine dispute as to any material fact concerning the enforceability of the waiver agreement, and Smith is entitled to judgment as a matter of law in its favor with regard to that issue. Accordingly, this Court will recommend that the pending motion for partial summary judgment be granted to the extent that it seeks to preclude Mr. Aguirre from participating in a class or collective action.

## IV. THE RELIEF REQUESTED

Having concluded that the waiver agreement signed by Mr. Aguirre is valid and enforceable, and having concluded that whether Mr. Aguirre waived his rights to participate in this collective action as a class representative or otherwise is an issue that should be decided at this time, this Court also concluded that Mr. Aguirre waived

---

[16] *Reyna v. International Bank of Commerce*, 839 F.3d 373, 377-78 (5th Cir. 2016).

his right to act as a collective class representative as well as his right to have his FLSA claim proceed in a collective action. In its motion for partial summary judgment, Smith seeks to have Mr. Aguirre's claim dismissed in its entirety. However, Smith failed to establish why it is entitled to that requested relief, and the plaintiffs pointed out that Mr. Aguirre filed the action both individually and also on behalf of others similarly situated. This Court disagrees with Smith that the relief to be accorded is a dismissal of all of Mr. Aguirre's claims. Instead, this Court finds that Mr. Aguirre is entitled to have his FLSA claim against Smith severed from the claims asserted in the purported collective action and to have his individual claim proceed in a separate, individual lawsuit.

## CONCLUSION

For the foregoing reasons, this Court recommends that Smith's motion for partial summary judgment (Rec. Doc. 17) should be granted in part and denied in part. More particularly, this Court recommends that the motion should be granted to the extent that Mr. Aguirre has waived his right to participate in this collective action but denied with regard to Smith's request for the dismissal of Mr. Aguirre's individual claim. In other words, this Court recommends that Mr. Aguirre's individual claim should be severed from the other claims asserted in this lawsuit, that the Clerk of Court should assign a separate civil action number to Mr. Aguirre's

individual claim, and that Mr. Aguirre's claim should be permitted to proceed as an action brought solely by him against Smith.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 5, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE